[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Joanne Miles, allegedly sustained injuries while slipping on ice/snow in front of a building owned by the Kendzierski family and leased by the defendant, The New Haven Register. The New Haven Register has now filed a motion for summary judgment on the ground that the plaintiff's claim against it is barred by the exclusivity provisions of workers' compensation.
There is no genuine issue as to the fact that the plaintiff did file a workers' compensation claim and that she did receive compensation. Rather, the plaintiff argues that summary judgment is inappropriate in the present case because she has proceeded against the New Haven Register under the dual capacity theory. As such, the plaintiff argues that the exclusivity provision of the workers' compensation does not bar, the present claim.
The dual capacity or dual persona doctrine has been applied in the context of determining whether an employer "possesses a second persona so completely independently from and unrelated to his status as employer that by established standard the law recognizes it as a separate legal person." 6 A. Larson, Workers' Compensation Law (1997) 72.81., p. 14-290-88. In Panaro v.Electrolux Corp. , 208 Conn. 589, 599, 545 A.2d 1086 (1988), the Supreme Court discussed the dual capacity doctrine but refused to carve out a new exception to the exclusivity provisions of workers' compensation. Citing the Panaro decision, the superior courts have consistently granted summary judgment in instances where the plaintiff seeks additional recovery under a dual capacity theory. Pillar v. Bleuer, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 341020 (March 20, 1998, Thim, J.); Caron v. Connecticut Light Power Co, Superior Court, judicial district of Danbury, Docket No. 320834 (May 15, 1997, Walsh, J.); Mason v. Olivetti-North America, Inc., Superior Court, judicial district of Waterbury, Docket No. 121877 (May 13, 1997, Vertefeuille, J.).
The plaintiff, nevertheless, argues that the dual capacity CT Page 13074 doctrine is applicable in the present case because the defendant-lessee potentially has insurance to protect members of the public from injuries sustained on premises in its control. In this respect, the plaintiff compares the present case to the exception to the exclusivity of workers' compensation where an injured employee may sue another employee in the context of a motor vehicle accident. The court finds this argument non-persuasive. The Supreme Court has frequently stated that any exceptions to the exclusivity of workers' compensation must be carved out by the legislature and not the courts. Dowling v.Slotnik, 244 Conn. 781, 811, 712 A.2d 396 (1998). The legislature has not chosen to expand any exception to include anyone who might be insured.
The motion for summary judgment, accordingly, is granted.
GROGINS, J.